Case 1:08-cv-00477-ESC Doc #1 Filed 05/23/08 Page 1 of 5 Page ID#1

FILED - GR
May 23, 2008 11:12 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL CURTIS WOTRING,

      Plaintiff,

v

PRICE HENEVELD COOPER DEWITT &
LITTON, LLP; STEVEN L. UNDERWOOD;
and GUNTHER J. EVANINA,

      Defendants.

_____/

Case No. **1:08-cv-477**

HON.

**Possibly Related Case**

## DEFENDANTS' NOTICE OF REMOVAL FROM THE CIRCUIT COURT FOR KENT COUNTY, MICHIGAN, TO THIS COURT

Defendants give notice of the removal of this action to this Court from the Circuit Court for Kent County, Michigan, as authorized by 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

1. Less than 30 days ago, on May 3, 2008, defendants accepted service of plaintiff's Complaint (the Complaint and its Exhibits are included within **Exhibit A**), which was filed in the Kent County Circuit Court. Thus, removal of this action is timely under 28 U.S.C. § 1446(b).

2. Plaintiff's Complaint alleges legal malpractice related to defendants' handling of a patent infringement lawsuit before this court and in withdrawing as attorneys of record for plaintiff before the United States Patent and Trademark Office.

3. Where allegations in a legal malpractice complaint establish that plaintiff's right to relief necessarily depends on resolution of a substantial question of patent law, or that federal patent law creates the cause of action, the legal malpractice action is one "arising

under" 28 U.S.C. § 1338; thus, jurisdiction over the legal malpractice claims lies in federal and not state court. *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1267-1268 (5th Cir. 2007), *reh'g and reh'g en banc denied* (Jan. 7, 2008).

    4.    The following allegations of plaintiff's complaint establish that plaintiff's right to relief necessarily depends on resolution of substantial questions of patent law:

> the underlying lawsuit giving rise to Plaintiff's Complaint against these Defendants was previously filed in the United States District Court, Western District of Michigan, Southern Division, involving Randall Curtis Wotring as Plaintiff and Smittybilt Automotive Group, Inc., as Defendant, where it was given Case No. 1:05-CV-570 and assigned to Hon. Gordon J. Quist. . . . [Complaint, Case Caption.]

> \* \* \*

> Plaintiff Randall Curtis Wotring is the owner of the United States Letters Patent 5,368,210 ["the '210 Patent" herein] that was duly and legally issued on November 29, 1994, on an invention entitled "Cargo Storage Apparatus."

> A true and accurate [sic] of the '210 Patent is attached as Exhibit 1 to this Complaint and incorporated herein by reference. [Complaint, ¶ 2.]

> \* \* \*

> Defendant Price, Heneveld, Cooper, DeWitt & Litton, LLP [the "Firm" herein] . . . . provides patent, trademark and copyright legal services, including preparation, prosecution, counsel and litigation. [Complaint, ¶ 4.]

> \* \* \*

> On or about July 21, 2005, Plaintiff retained the Firm to represent Plaintiff in a certain intellectual property matter, including an impending lawsuit against Smittybilt Automotive Group, Inc. ["Smittybilt" herein] for claims against Smittybilt for infringement of the '210 Patent. . . . [Complaint, ¶ 7.]

> In preparation for filing a Complaint against Smittybilt for infringement of the '210 Patent, [Defendant] Evanina evaluated Smittybilt's infringement of the '210 Patent, and based on his

analysis, expressed his opinion that the '210 Patent claims were valid and enforceable, and literally infringed by the activities of Smittybilt, such that filing a Complaint for patent infringement was appropriate.

A copy of Evanina's evaluation, analysis and opinion was set forth in his August 4, 2005 letter to Plaintiff, a copy of which is attached hereto as Exhibit 3 and incorporated herein by reference. [Complaint, ¶ 8.]

On August 24, 2005, the Firm filed a Complaint [the "Complaint" herein] and Demand for Jury Trial on behalf of Plaintiff and against Smittybilt [**only**] in the United States District Court for the Western District of Michigan, where it was assigned File No. 1:05-CV-570 and assigned to the Hon. Gordon J. Quist, U.S. District Judge.  A copy of the Complaint [but without referenced exhibits attached to it] is attached as Exhibit 4 and incorporated herein by reference.  [Complaint, ¶ 9 (emphasis in original).]

Although Defendants named Smittybilt in the Complaint, they failed to name, include, or amend the Complaint to add any officers, agents, principals or owners of Smittybilt, including, but not limited to, Dean G. Lueck ["Lueck" herein].  [Complaint, ¶ 10.]

However, and at all times pertinent, Defendants had knowledge about, and were cognizant of, the fact that Lueck was [upon information and belief] President of Smittybilt and that Lueck was aware of and/or involved in Smittybilt's infringement of the '210 Patent. . . . [Complaint, ¶ 11.]

\*   \*   \*

On January 31, 2006, District Judge Quist entered an Order and Judgment against Smittybilt and in favor of Plaintiff, awarding a total of $89,678.35 [for lost profits, pre-Complaint interest, post-Complaint interest and cost] and enjoining Smittybilt from infringing on the '210 Patent. [Complaint, ¶ 18.]

\*   \*   \*

At all times pertinent, Defendants were attorneys of record for Plaintiff in the United States Patent and Trademark Office for pending Application No. 11,246,446 [the "'446 Patent Application"] involving a riding crop. [Complaint, ¶ 23.]

>   On June 1, 2007, Plaintiff requested his entire file from [Defendants] Evanina and Underwood. [Complaint, ¶ 24.]
>
>   Within two weeks of requesting and obtaining the file from the Defendants, [defendant] Underwood filed a request for permission to withdraw as attorney of record in the '446 Patent Application, and on each and every one of Plaintiff's patents.
>
>   Attached to this Complaint and incorporated herein by reference as Exhibit 16 is a true and accurate copy of Underwood's Request for Permission to Withdraw. . . . [Complaint, ¶ 25.]
>
>   \* \* \*
>
>   At all times pertinent, Defendants had the following duties, . . .:
>
>   \* \* \*
>
>   B)   To investigate and determine the actual units Smittybilt sold that infringed the '210 Patent . . . .
>
>   C)   To investigate, identify, name, include and serve Lueck [and any others] in and with the Complaint [or any amendments to same] filed on Plaintiff's behalf in the Federal District Court as opposed to Smittybilt only. . . .
>
>   H)   To know, or in the exercise of reasonable care they should have known, that by withdrawing as Plaintiff's attorney of record in the '446 Patent application, it would and could jeopardize Plaintiff's pending patent, resulting in damage to Plaintiff and the loss of Plaintiff's investment in same. [Complaint, ¶ 28.]
>
>   Contrary to the duties described above, the opposite of same was done, and that was and is professional negligence/malpractice on the part of the Defendants, and said professional negligence/malpractice was a proximate cause of the outcome that occurred and all of Plaintiff's injuries and damages that resulted therefrom. [Complaint, ¶ 29.]

5.   Because the above-quoted allegations (although wholly without merit) establish that plaintiff's right to relief necessarily depends on resolution of substantial questions of patent law, this legal malpractice action is one "arising under" 28 U.S.C. § 1338.  *Air*

*Measurement Technologies, Inc.*, 504 F.3d at 1267-1268. It is therefore removable under 28 U.S.C. § 1441(a) and (b).

    6. This is the appropriate Court for filing a Notice of Removal under 28 U.S.C. § 1446(a), because it is the district and division where the action is pending.

    7. In accord with 28 U.S.C. § 1446(d), defendants have contemporaneously filed a Notice to State Court of Filing of Notice of Removal with the Clerk of the Circuit Court for Kent County, Michigan **(Exhibit B)**, and have given written notice of removal to plaintiff's counsel (**Exhibit C**).

    8. Finally, in accord with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in this action is attached as **Exhibit A**.

    WHEREFORE, Defendants request removal of this action, pending in the Circuit Court for Kent County, Michigan, to this Court.

            MILLER JOHNSON
            Attorneys for Defendants

Dated: May 23, 2008      By /s/ James R. Peterson
            James R. Peterson (P43102)
            petersonj@millerjohnson.com
            Salvatore W. Pirrotta (P62596)
            pirrottas@millerjohnson.com
           Business Address:
              250 Monroe Avenue, N.W., Suite 800
              P.O. Box 306
              Grand Rapids, MI 49501-0306
           Telephone: 616.831.1700