UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RANDALL CURTIS WOTRING,

        Plaintiff,                          Hon. Ellen S. Carmody

v.                                         Case No. 1:08-cv-00477

PRICE HENEVELD COOPER DEWITT
& LITTON, LLP, et al.,

        Defendants.
_____/

## OPINION

This matter is before the court on Defendants' Motion Under Fed.R.Civ.P. 12(b)(6) to Dismiss Plaintiff's First Amended Complaint (Docket No. 43). In his First Amended Complaint, plaintiff alleges that defendants committed malpractice related to their handling of a patent infringement lawsuit before this court. Plaintiff has alleged three claims of malpractice. Only one can withstand defendants' motion.

## STATEMENT OF FACTS

The court adopts for the most part defendants' statement of facts as consistent with plaintiff's pleadings. The court also largely adopts portions of the defendants' analysis as consistent with its own.

### 1.    The Parties

Plaintiff owns United States Letters Patent 5,368,210 (the "'210 Patent") for an invention entitled the "Cargo Storage Apparatus." Defendant Price, Heneveld, Cooper, DeWitt & Litton, LLP ("Price Heneveld") "provides patent, trademark and copyright legal services, including preparation,

prosecution, counsel and litigation." Defendant Steven L. Underwood ("Underwood") is a Price Heneveld partner, "a member of the State Bar of Michigan, and admitted to practice before the U.S. District Courts of the Eastern and Western Districts of Michigan, and he is also registered to practice before the U.S. Patent and Trademark Office." Defendant Gunther J. Evanina ("Evanina") is a Price Heneveld partner, "a member of the State Bar of Michigan, and is registered to practice before the U.S. Patent and Trademark Office." (First Amended Complaint ("FAC"), Docket No. 42, ¶¶ 2, 4, 9-10.)

2.      **Plaintiff Retains Price Heneveld**

In July 2005, plaintiff contacted Price Heneveld about potential claims against Smittybilt Automotive Group, Inc. ("Smittybilt") for infringement of the '210 Patent. Plaintiff signed an Engagement Agreement (Exhibit 2 to FAC) with Price Heneveld on July 21, 2005. In an August 4, 2005 letter (Exhibit 3 to FAC), Gunther Evanina provided to plaintiff an opinion, which concluded that "the '210 patent claims were valid and enforceable, and literally infringed by the activities of Smittybilt, such that filing a Complaint for patent infringement was appropriate." (FAC, ¶ 16.)

3.      **Defendants File Suit**

According to plaintiff's allegations in his First Amended Complaint (Docket No. 42), from the beginning he wanted his patent infringement claim to focus on recovering damages for lost sales, past and present. On July 13, 2005, he notified Mr. Evanina that he calculated his past lost sales (not profits) to be $56,250. The patent infringement claim seemed to plaintiff to be "a fairly straightforward matter involving Smittybilt's use of the '210 patent, especially where Lueck . . . then-current president of Smittybilt – had full knowledge of the '210 patent[.]" (FAC, ¶¶ 12-13.)

On August 24, 2005, Price Heneveld filed in this court a complaint and demand for jury trial on behalf of plaintiff and against Smittybilt ("Smittybilt complaint"), "where it was given File No. 1:05-CV-570 and assigned to the Hon. Gordon J. Quist, U.S. District Judge." Consistent with the recitals section of the Engagement Agreement (Exhibit 2 to FAC, p. 1), suit was filed only against Smittybilt.

**4.       Plaintiff Alleges Price Heneveld Was Directed To File Suit Against Both Smittybilt and Lueck**

Consistent with plaintiff's "intent . . . to file a Complaint for relief of [his] cause of action without immediate service and attempt to reasonably resolve the instant dispute without further litigation" (Engagement Agreement, p. 1, § 2.01), on August 25, 2005, Mr. Underwood sent a demand letter, with a courtesy copy of the complaint, to Smittybilt. According to plaintiff's new allegations, when no response was forthcoming, he (and his mother and stepfather) met with Mr. Underwood and Mr. Evanina. At that meeting, according to plaintiff, "Underwood suggested [and everyone unanimously agreed] that we would go after **both** Smittybilt and Lueck in the lawsuit. In addition, it was discussed and decided that Underwood would re-send by certified mail his August 24, 2005 letter to Lueck – which Underwood did on September 15, 2005[.]" (FAC, ¶ 19 (brackets and emphasis in original)).

**5.       Price Heneveld Obtains a Judgment For Plaintiff For More Than Plaintiff's Actual Reported Damages**

Smittybilt did not comply with the deadlines in the letters and, on "November 1, 2005, Smittybilt [**only**] was served with the Summons and Complaint **in California**." (FAC, ¶ 21 (brackets and emphasis in original).) Smittybilt failed to answer the complaint. On December 15, 2005, Price

Heneveld filed a motion for default judgment against Smittybilt. Plaintiff's declaration supported the motion. (FAC, Exhibits 8 and 9, respectively.)

In his declaration, plaintiff declared under penalty of perjury that Smittybilt sold 1859 units that infringed plaintiff's '210 patent; that plaintiff's lost-profit-per-unit was $15; and that plaintiff's lost profits were $27,885. (FAC, Exhibit 9, ¶¶ 7-8.) Plaintiff also declared that he incurred attorney fees of $14,785.89 and costs of $503.89. (*Id.*, ¶¶ 10-11.) Thus, plaintiff declared under penalty of perjury that his damages totaled $43,174.78.

In the Motion, Price Heneveld argued for not only those damages, but also for treble plaintiff's lost-profit damages of $27,885 ($83,655) and for pre-judgment interest of $6,254.26. (FAC, Exhibit 8.)

> On January 31, 2006, District Judge Quist entered an Order and Judgment against Smittybilt, awarding a total of $89,678.35 [for lost profits, pre-Complaint interest, post-Complaint interest and costs] and enjoining Smittybilt from infringing on the '210 Patent. . . .
>
> * * *
>
> On April 5, 2006, District Judge Quist granted Underwood's Motion for Entry of Amended Order and Judgment, and entered an Amended Order and Judgment awarding Plaintiff attorney fees in the amount of $7,925.

(FAC, ¶¶ 26 and 29 (brackets in original).) Thus, while plaintiff declared that his damages totaled $43,174.78, a total judgment entered in his favor for $93,603.35.

## 6. Plaintiff Says He Did Not Know Lueck Was Not Named

According to plaintiff, despite (1) his insistence in September 2005 that defendants do so and (2) his above-discussed declaration filed with this court, he did not learn that Lueck had not been named in or added to the Smittybilt lawsuit:

until July of 2006 [when, as a judgment creditor of Smittybilt, he appeared In Pro Per in the United States District Court for the Northern District of Illinois, Case No. 06cv2789, seeking an assignment of accounts receivables owed to Smittybilt by J.C. Whitney, a national automotive retail catalog].

(FAC, ¶ 20 (brackets in original).)

Also according to plaintiff, when in July 2006 plaintiff asked Mr. Underwood why Lueck was not named in or added to the Smittybilt lawsuit, Mr. Underwood suggested to plaintiff that plaintiff could sue Lueck. On July 7, 2006, after plaintiff requested his entire file, Mr. Underwood allegedly repeated that advice. (FAC, ¶¶ 32, 35, and 36.) Plaintiff filed this lawsuit.

**7.** **Plaintiff Alleges Defendants Are At Fault For the Judgment Being Uncollectible**

On December 5, 2005, after the Smittybilt complaint was filed, but before the above-discussed Order and Judgments entered, Textron Financial Corporation ("Textron") perfected a lien and secured all assets of Smittybilt and Lueck. (FAC, ¶ 25.A.) Textron sold Smittybilt's assets, which netted $2,000,000 less than the $10,000,000 owed to Textron. (*Id.*, ¶¶ 30 and 31.) According to plaintiff, "[b]ut for the professional negligence/malpractice of the Defendants, Plaintiff could have and would have received the $89,678.35 awarded . . . ; instead, Federal District Judge Quist's Order and Judgment against Smittybilt only was left unsatisfied, uncollectible, and essentially worthless." (*Id.*, ¶ 42.)

**8.** **Plaintiff's Original Claims of Malpractice**

According to plaintiff's original complaint (Docket No. 1, Exhibit A), defendants were professionally negligent in five ways. In lieu of answering those allegations of malpractice, defendants moved to dismiss the first four under Fed. R. Civ. P. 12(b)(6), and moved to dismiss the fifth under Fed. R. Civ. P. 56 (Docket Nos. 25, 26, and 31). On September 23, 2008, the court heard

oral arguments on defendants' motion. During oral argument, plaintiff conceded that his first and fifth claims of negligence were without merit.

**9.**     **Plaintiff's Amended Complaint**

Following oral argument, the court issued an Order (Docket No. 34) allowing plaintiff until January 9, 2009 to (1) "submit any affidavits, documents or other materials in opposition to Defendants' motion" and (2) "move for leave to amend his complaint." Plaintiff did both (Docket Nos. 35-39). On January 15, 2009, plaintiff and defendants stipulated (Docket No. 40), and the court subsequently entered an Order (Docket No. 41), that (1) plaintiff's first amended complaint (Docket No. 38) is deemed filed as of January 23, 2009, and (2) defendants have 20 days, by February 12, 2009, to re-file their motion to dismiss as to the amended complaint.

In his first amended complaint, plaintiff alleges that defendants committed malpractice in three ways. On February 12, 2009, defendants timely moved to dismiss all three counts of the first amended complaint under Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) is a question of law. *In re Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir. 1997). Plaintiff's allegations are deemed admitted and ambiguous allegations construed in his favor. *Id.* But plaintiff must do more than allege legal conclusions, and this court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Id.* (quoting *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)).

Further, "'an exhibit to a pleading is considered a part of the pleading'" and "the Court may properly consider the exhibits . . . in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion." *Cont'l*

*Identification Prods., Inc. v. EnterMarket Corp.*, No. 1:07-CV-402, 2008 WL 51610, at *1 n. 1 (W.D. Mich. Jan. 2, 2008) (quoting *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 603 (6th Cir. 2005)); see also *Stringfield v. Graham*, 212 F. App'x 530, 535 (6th Cir. 2007) (documents attached to and cited by plaintiff's complaint are considered parts thereof under Fed. R. Civ. P. 10(c) and were properly considered by the district court in granting motion to dismiss under Fed. R. Civ. P. 12(b)(6)). That is particularly the case where, as here, a plaintiff has specifically incorporated exhibits into the complaint by reference. See Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere. . . .")

## ANALYSIS

According to plaintiff's First Amended Complaint (Docket No. 42), defendants were professionally negligent in three ways, when they failed to:

1.     Investigate and determine the actual units sold that infringed the '210 Patent in order to arrive at the actual total damages for lost sales plaintiff incurred as a result of the patent infringement (*id.*, ¶ 40.B);

2.     Know that "Lueck was liable as an infringer pursuant to 35 USC [sic] § 271(b) or to name him in the Smittybilt complaint (*id.*, ¶ 40.C and D); and

3.     Conduct pre-filing asset and lien investigations regarding Smittybilt and/or Lueck (*id.*, ¶ 40.E).

Plaintiff must satisfy Michigan law elements for a legal malpractice claim. *In re Del-Met Corp.*, 322 B.R. 781, 822-823 (Bankr. M.D. Tenn. 2005) (quoting *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) ("'a malpractice claim against a firm's lawyer is determined by the law of the state where the services are performed, for that state's law supplies the standard of

performance and that is where the client normally would suffer injury'"). For the reasons detailed below, plaintiff's first amended complaint has not stated a cause of action as to the first and third allegations of the first amended complaint.

**1.**     **Plaintiff Fails to Show Defendants Had a Duty To Investigate and Determine the Actual Units Sold That Infringed the '210 Patent; Further, Plaintiff Suffered No Damages From Defendants' Failure To Determine the Actual Units Sold**

Plaintiff's first allegation of negligence is defendants' failure to investigate and determine the actual units sold that infringed his '210 Patent. (FAC, ¶ 42.B.) That allegation fails to state claim for two reasons.

First, plaintiff fails to allege facts to show how—without the benefit of discovery—defendants could have a duty to investigate and determine the actual units Smittybilt sold that infringed the '210 Patent. Under Michigan law, the first legal malpractice "element the plaintiff must prove is 'duty.'" *Simko v. Blake,* 532 N.W.2d 842, 846 (Mich. 1995). "[T]he existence of duty is a question of law for the court." *Id.* (citations omitted). "The mere fact that something is foreseeable does not impose a duty on [an attorney]." *Simko v. Blake,* 506 N.W.2d 258, 259 (Mich. Ct. App. 1993) (citing *Buczkowski v. McKay,* 490 N.W.2d 330 (Mich. 1992)).

The Smittybilt complaint was filed in this court. Under Fed. R. Civ. P. 26(d), defendants were prohibited from engaging in "discovery from any source before the parties ha[d] conferred as required by Rule 26(f), . . . ." No Rule 26(f) conference took place, because Smittybilt failed to answer the Smittybilt complaint and the Smittybilt Judgment entered as a result of default. Plaintiff's allegation of negligence therefore fails to state a claim under Fed. R. Civ. P. 12(b)(6), because he fails in his "burden of adequately alleging" the first element of his malpractice claim: duty. *Simko,*

532 N.W.2d at 846. Under the undisputed factual circumstances defendants were not obligated to nor could they have determined the actual units sold that infringed the '210 Patent.

Second, plaintiff fails to allege facts to show that he suffered damages as a result of this alleged breach of duty for another reason: his prior sworn testimony, which he incorporated by reference into the first amended complaint, establishes that defendants obtained a judgment for more than three times his actual damages. Smittybilt failed to answer the complaint. On December 15, 2005, Price Heneveld filed a motion for default judgment against Smittybilt ("Motion"). (FAC, Exhibit 8.) The Motion was supported by a declaration of plaintiff. (FAC, Exhibit 9.) In his declaration, plaintiff declared under penalty of perjury that "the actual total damages for lost sales Plaintiff incurred as a result of the patent infringement" totaled $27,885. Yet, as plaintiff admits (FAC, ¶¶ 26 and 29), defendants obtained a total judgment in his favor of more than three times that amount, for $93,603.35. Again, plaintiff cannot show entitlement to relief on his first allegation of negligence, because he has not pleaded and cannot plead the element of damage required by law.

2.  **Plaintiff's Allegation That Defendants Committed Malpractice By Failing to Name Lueck Does State a Claim**

Plaintiff's second allegation of negligence is that defendants did not know that "Lueck was liable as an infringer pursuant to 35 USC [sic] § 271(b)" and did not name him in the Smittybilt complaint. (FAC, ¶ 40.C and D.)

It is highly unlikely in the court's opinion that Lueck could satisfy any judgment plaintiff might have attained against Lueck had Lueck been named as plaintiff maintains he should have been. However, plaintiff is not required to plead this in his complaint. Plaintiff does allege the following about Lueck's assets: that he "owned real estate in California with an estimated value of $946,000 [as of late 2005]." (*Id.*, ¶ 25.C (brackets in original).) Even if true, it is not clear that plaintiff would

be able to _prove_ any entitlement to that real estate. Nor has plaintiff proved that Lueck would be subject to personal jurisdiction in the state of Michigan. But he is not required to do so on a motion to dismiss. Rather the court must _assume_ he can prove the facts alleged.

The court suspects that on further factual development defendants will be able to demonstrate that Lueck is uncollectible or not subject to personal jurisdiction in Michigan. The court, however, finds that the relief requested by defendants is premature until plaintiff has the opportunity to take Lueck's deposition.

**3.      Defendants Had No Duty or Right to Conduct Pre-Filing Discovery To Determine If Smittybilt or Lueck Were Collectible; Further, Plaintiff Fails to Allege That the Failure to Conduct a Pre-Filing Investigation Was a Proximate Cause of Plaintiff's Alleged Harm**

Plaintiff's third allegation of negligence is that defendants committed malpractice by failing to conduct pre-filing asset and lien investigations regarding Smittybilt and/or Lueck. (FAC, ¶ 40.E.) That allegation fails, because, under Michigan law and Federal Rules of Procedure, defendants had no duty or right to conduct pre-filing discovery to determine if Smittybilt or Lueck were collectible. Moreover, plaintiff fails to allege facts to show that the failure to conduct a pre-filing asset/lien investigation was a proximate cause of his alleged harm as to Smittybilt.

**a.      Defendants had no duty or right to conduct pre-filing collectibility discovery**

Plaintiff has not cited to a single Michigan case that imposes a duty upon a lawyer to engage in pre-filing discovery to determine if an adverse party to a lawsuit will be collectible. Indeed, such discovery is prohibited by statute. That is, Mich. Comp. Laws § 600.6104(1) specifically prohibits any "discovery of . . . any property, money, or things in action" of a defendant until after a money judgment has been rendered by a court. See also Mich. Ct. Rule

2.621(A). Moreover, the Smittybilt complaint was filed in this court. Under Fed. R. Civ. P. 26(d), defendants were prohibited from engaging in "discovery from any source before the parties ha[d] conferred as required by Rule 26(f), . . . ."

It follows that plaintiff's allegation that defendants committed malpractice by failing to conduct pre-filing asset and lien investigations regarding Smittybilt and/or Lueck fails, as a matter of law, to state a claim upon which relief can be granted and will be dismissed under Fed. R. Civ. P. 12(b)(6).

### b. Plaintiff fails to allege defendants are a proximate cause of his Smittybilt Judgment being uncollectible

Plaintiff "has the burden of adequately alleging" that defendants' negligence "was a proximate cause of [plaintiff's] injury." *Simko*, 532 N.W.2d at 846. Thus, even if defendants had a duty to conduct pre-filing asset and lien investigations, which they did not, plaintiff must adequately allege that defendants' failure to perform that duty was a "proximate cause" of his judgment not being collectible. Plaintiff's allegations establish that defendants' failure to conduct his recommended pre-filing investigation could not have been a cause of his judgment being uncollectible.

Plaintiff alleges that if defendants had "conducted an investigation an investigation and/or discovery into Smittybilt and/or Lueck, they would or could have discovered two things, the first being that Textron Financial Corporation "perfected a lien and secured all assets against Smittybilt and Lueck on <u>December 5, 2005</u>." (FAC, ¶ 25.A (emphasis added).) But plaintiff admits defendants filed his suit against Smittybilt on <u>August 24, 2005</u> (*id.*, ¶ 17). Defendants could not have discovered Textron's December 2005 lien before filing suit for plaintiff in August 2005.

Second, according to plaintiff, defendants would or could have discovered that other debtors obtained pre-filing attachments against Smittybilt and had named Lueck as an individual in those actions—as allegedly evidenced by the stipulated consent judgment and permanent injunction attached as Exhibit 10 to the first amended complaint. (FAC, ¶ 25.B.) Plaintiff alleges that he somehow believes Lueck paid the judgment attached to the amended complaint as Exhibit 10. But the judgment is not a money judgment. And neither Smittybilt nor Lueck is a party to the document. (*Id.*, Recitals, p. 2; Executions, p. 6.) Put simply, absolutely nothing in Exhibit 10 has anything to do with assets of or liens against Smittybilt or Lueck, and it provides absolutely no information about whether plaintiff's Smittybilt Judgment would or would not be collectible. Plaintiff's conclusory allegation to the contrary fails to state a claim.

## CONCLUSION

Motions to dismiss are designed to sweep away general allegations:

> lest a plaintiff with "'a largely groundless claim' "be allowed to' 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of settlement value.'" [] So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'". . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007) (citations omitted).

For the reasons set forth above, plaintiff's allegations, even taken as true, do not show an entitlement to relief as to the first or third allegation of negligence against defendants. Thus, those claims are dismissed with prejudice and without costs to either party. The court is highly skeptical that plaintiff will be able to prove his allegations of malpractice for defendants' failure to name Lueck to the patent infringement claim. Likely the deposition of Lueck will be required. Thus that portion of defendants' motion to dismiss Plaintiff's First Amended Complaint will be denied without

prejudice to allow defendants to bring it as a Fed. R. Civ. P. 56 motion following some factual

development.  An order and partial judgment consistent with this opinion will issue.

Date:  July 24, 2009                                      /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge